UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>EDWARD D. GOURN, JR.<br>LAUREN B. GOURN<br>　　　　Debtor(s)<br>Ronda J. Winnecour, Trustee<br>　　　　Movant<br>　　vs.<br>EDWARD D. GOURN, JR.<br>LAUREN B. GOURN<br>　　　　Respondent(s) | Case No. 22-20904CMB<br>Chapter 13<br>Document #_____ |

## TRUSTEE'S CERTIFICATE OF DEFAULT REQUESTING DISMISSAL OF CASE

Ronda J. Winnecour, Standing Chapter 13 Trustee, respectfully represents the following:

1. The debtor(s)' plan is in material default, in that the payments required by the plan have not been made.

2. The plan currently requires the debtor(s) to pay to the Trustee the sum of $4,266 per month

3. The plan is $24596 in arrears, including the payment due for the month of February 2025.

WHEREFORE, the Trustee requests that this case be dismissed without prejudice.

02/05/2025

/s/ Ronda J. Winnecour
RONDA J WINNECOUR PA ID #30399
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>EDWARD D. GOURN, JR.<br>LAUREN B. GOURN<br>    Debtor(s)<br>Ronda J. Winnecour, Trustee<br>    Movant<br>  vs.<br>EDWARD D. GOURN, JR.<br>LAUREN B. GOURN<br>    Respondent(s) | Case No. 22-20904CMB<br>Chapter 13<br><br>Related to Document No._____ |

## **ORDER**

    AND NOW, this _____ day of _____, 20____, the Court having considered the Chapter 13 Trustee's certification (or request) for dismissal, and any responses thereto, the following relief (as reflected by the checked boxes below) is **ORDERED, ADJUDGED and DECREED**:

  This case is **DISMISSED**, with prejudice. The Debtor(s) is/are ineligible for bankruptcy relief under any chapter for a period of 180 days from the date of this Order.

  This case is **DISMISSED**, without prejudice.

  If either of the above provisions is checked, indicating that this case is being dismissed, then it is **FURTHER ORDERED** as follows:

  A. Each wage attachment issued in this case is now terminated. So that each employer knows to stop the wage attachment, the Debtor(s) shall immediately serve a copy of this Order on each employer and file a proof of service within 10 days of the date of this Order.

  B. This case is administratively closed. However, Court retains jurisdiction over the Trustee's Report of Receipts and Disbursements and Final Report and Account. Upon submission of UST Form 13-FR-S: Chapter 13 Standing Trustee's Final Report and Account, the Trustee is discharged from her duties in this case and this case will be closed without further Order of Court.

C. The Clerk shall give notice to all creditors of this dismissal.

D. Any motion to reopen must be accompanied by the appropriate reopening fee, equal to the filing fee for the appropriate chapter (less administrative fee), together with the unpaid $_____ portion of the original filing fee.

E. The Debtor remains legally liable for all debts as if the bankruptcy petition had not been filed. This bankruptcy case no longer prevents collection efforts or lawsuits. Creditor collection remedies are reinstated pursuant to 11 U.S.C. Section 349, and creditors are directed to 11 U.S.C. Section 108(c) for time limits on filing a lawsuit to collect. Generally, a creditor's lawsuit must be filed by the later of:

(1) the time deadline provided by state law; or

(2) 30 days after the date of this notice.

This case is not dismissed. The plan term is extended to a total of __ months; the monthly plan payment amount is changed to $_____ effective_____ .

This case is not dismissed at this time. However, in the event of any future plan default by the Debtor(s), then on the Trustee's certificate of default, this case shall be dismissed ____ with / ____ without prejudice, without further notice or hearing.

Other: _____
_____
_____
_____
_____

BY THE COURT:

Dated : _____        _____
                                    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>EDWARD D. GOURN, JR.<br>LAUREN B. GOURN<br>　　　　　　Debtor(s)<br>Ronda J. Winnecour, Trustee<br>　　　　　　Movant<br>　　vs.<br>EDWARD D. GOURN, JR.<br>LAUREN B. GOURN<br>　　　　　　Respondent(s) | Case No. 22-20904CMB<br>Chapter 13 |

## CERTIFICATE OF SERVICE

　　I hereby certify that on the date shown below, I served a true and correct copy of the Trustee's Certificate of Default with proposed order of Court upon the following, by regular United States mail, postage prepaid, addressed as follows:

EDWARD D. GOURN, JR.
LAUREN B. GOURN
2015 BALDRIDGE AVE.
CONNELLSVILLE,  PA  15425

DANIEL R WHITE ESQ
TREMBA KINNEY GREINER & KERR
1310 MORRELL AVE STE C
CONNELLSVILLE,  PA  15425


02/05/2025　　　　　　　　　　　　　　　　　　　　/s/ Leslie Carilli

Administrative Assistant
Office of the Chapter 13 Trustee
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA 15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com